IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:15CR3076 |
| vs. | FINDINGS, RECOMMENDATION AND ORDER |
| THOMAS PETERSON, | |
| Defendant. | |

This matter is before the court on Defendant Thomas Peterson's Motion to Dismiss the Indictment. ([Filing No. 15](#)). For the reasons set forth below, the motion should be denied.

BACKGROUND

An indictment was filed against Defendant Thomas Peterson on July 22, 2015. Peterson was a deputy probation officer employed by the State of Nebraska in Kearney, Nebraska. As a state probation officer, Defendant supervised individual probationers, including performing home visits to ensure the supervisees were complying with the terms of their probation. He also advised judges when individual probationers were not complying, which, in turn, could lead to revocation of their probation and incarceration.

Counts I through IV allege Defendant violated [18 U.S.C. § 242](#) by engaging in sexual acts and conduct with four of the probationers under his supervision. ([Filing No. 1 at CM/ECF pp. 3-4](#)). Count V alleges Peterson, in violation of [18 U.S.C.A. § 1001](#), knowingly and willfully made false, fictitious, and fraudulent statements to Special Agents of the Federal Bureau of Investigation, ("FBI"), concerning the FBI's investigation into Peterson's activities.

ANALYSIS

"An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal to bar a subsequent prosecution." United States v. Fleming, 8 F.3d 1264, 1265 (8th Cir. 1993). "In determining whether an Indictment has sufficiently set forth the elements of the charge, the Indictment will generally be deemed sufficient 'unless no reasonable construction can be said to charge the offense.'" United States v. Hughson, 488 F. Supp. 2d 835, 840-41 (D. Minn. 2007)(quoting United States v. Peterson, 867 F.2d 1110, 1114 (8th Cir. 1989)). "An indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true." United States v. Hall, 20 F.3d 1084, 1087 (10th Cir. 1994).

Under 18 U.S.C.A. § 242:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

18 U.S.C.A. § 242.

The Indictment against Peterson alleges each of the elements of a violation of 18 U.S.C. § 242. That is, "the defendant (1) under the color of state law (2) willfully (3) subjected another (4) to the deprivation of any right, privilege, or immunity secured or protected by the Constitution or laws of the United States." United States v. Wilson, case no. 4:10cr390, 2010 WL 4628070 at *1 (E.D. Mo. Oct. 19, 2010). Each of the first four counts of the Indictment identify the alleged victims of the crime and assert Peterson acted under state law to willfully deprive these victims of a federal right. And the Indictment describes the federal right at issue and in what way Peterson violated it; specifically, the alleged victims' right to not be deprived of liberty without due process of law, including the right to bodily integrity. Defendant argues the Indictment does not implicate a Constitutionally protected right.

A person who, under color of state law, subjects another to unwanted sexual contact has violated that victim's due process right to bodily integrity. See Rogers v. City of Little Rock, Ark, 152 F.3d 790, 796 (8th Cir. 1998)(collecting cases); see also United States v. Lanier, 520 U.S. 259 (1997)(finding the Fourteenth Amendment encompasses the right to be free from unauthorized and unlawful physical abuse by state intrusion). Such sexual abuse has been found to include sexual contact not physically forced upon an individual, but gained through coercion by the state official's status and intimidation. Rogers, 152 F.3d at 794 (finding a violation of Plaintiff's right to due process when a police officer coerced her into sexual intercourse in exchange for not writing a traffic ticket). See also United States v. Connelly, 613 Fed.Appx. 604, 607 (9th Cir. 2015)(a former tribal police officer found guilty under 18 U.S.C. § 242 for coercing a women to have sex with him by threating her with jail); Wudtke v. Davel, 128 F.3d 1057, 1063-64 (7th Cir. 1997)(finding a cognizable claim under § 1983 where a government official abused his position to coerce sexual contact from his supervisee);

United States v. Giordano, 260 F. Supp. 2d 477, 484 (D. Conn. 2002)(finding § 18 U.S.C. 242 encompasses an individual's right to be free from "physical assaults and coerced sexual activity"); United States v. Webb, 214 F.3d 962 (8th Cir. 2000)(discussing psychological coercive power as "force" for the purposes of 18 U.S.C. §§ 2241 and 2242).

The Indictment alleges Defendant violated the victims' right to bodily integrity by engaging in sexual acts and contact, as defined in 18 U.S.C. § 2246(2) and (3). While the Indictment is not expansive, it does charge that the Defendant, while acting in a position of authority and capable of initiating procedures leading to the victims' eventual incarceration, violated 18 U.S.C. § 242 by engaging in sexual conduct with the probationers under his supervision. The definitions for the terms "sexual act" and "sexual contact" as used in the Indictment are taken from a section of the criminal code specifically applying to crimes in which the victims are federal prisoners pursuant to 18 U.S.C. § 2242. The Indictment does not charge Peterson with a crime under that statute, but the definitional sections of 18 U.S.C. § 2242 provide a concise way of describing the acts and conduct for which Peterson is accused. Specifically, sexual contact or a sexual act committed with the intent to abuse, harass, or degrade are included within the definitions found in 18 U.S.C. § 2246 (2) and (3). Moreover, the Fifth Count of the Indictment – alleging Peterson lied to Special Agents of the Federal Bureau of Investigation – describes Peterson's sexual contact with alleged victim K.T. on Peterson's very first supervisory visit as "inappropriate," alleges he threatened to have B.P.'s probation violated unless B.P. left the State of Nebraska, and provided the alleged victims with advance information regarding the actions of law enforcement agencies and the probation office. Applying a "reasonable construction," the Indictment alleges Peterson violated 18 U.S.C. §§ 2241 and 2242 by using his state-derived position of authority to coerce, force, or bribe the victims identified in Counts I through IV to engage in sexual contact with the Defendant.

Peterson also argues the Indictment should be dismissed because the alleged violation of 18 U.S.C. § 242 is not within the jurisdiction of the federal government under the Commerce Clause. Peterson relies upon United States v. Morrison, 529 U.S. 598 (2000) in support of his argument. Morrison involved a female student who sued two male students who allegedly raped her. She brought a civil action under the Violence Against Women Act of 1994 ("VAWA"). The United States Supreme Court held Congress did not have the authority under the Commerce Clause to provide for civil remedies under federal law for the purely intrastate violent crime implicated in Morrison.

Morrison is not applicable to Peterson's case. Criminal acts committed by those acting on behalf of a government may violate the constitutional rights of a crime victim when those same acts, performed by a private citizen, do not. The alleged perpetrators in Morrison were not performing as state actors when they committed the alleged crime. And unlike the law implicated in Morrison, 18 U.S.C. § 242 addresses violations when a person "under the color of any law" state or otherwise, subjects any person "to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution." 18 U.S.C. § 242. Morrison's facts and the statutory law at issue are wholly distinguishable from this case, rendering its holding inapplicable to the Indictment against Peterson.

Peterson also argues 18 U.S.C. § 242 is void for vagueness as applied to Peterson because "no reasonable person in Peterson's position . . . would have notice that engaging in sexual contact with his probationers would constitute a criminal violation of their civil right[s]." The United States Supreme Court addressed the vagueness principles as applied to 18 U.S.C. § 242 in United States v. Lanier, 520 U.S. 259, 271-72 (1997). The court determined criminal liability under § 242 "may be imposed for a deprivation of a constitutional right if, but only if, 'in the light of pre-existing law the unlawfulness [under

5

the Constitution is] apparent.' " Lanier, 520 U.S. at 271-72 (quoting Anderson v. Creighton, 483 U.S. 635, 640(1987)). "[A] general constitutional rule already identified in the decisional law may apply with obvious clarity to the specific conduct in question, even though the very action in question has [not] previously been held unlawful." Lanier, 520 U.S. at 271.

The previously cited case law provided fair notice that the Constitution recognizes the right to liberty and bodily integrity. Likewise, case law provides sufficient notice that unwanted or coerced sexual contact between a state actor in a position of power over a victim violates that right. See, e.g., Rogers, 152 F.3d at 796 (collecting cases); Giordano, 260 F. Supp. 2d at 484 (finding § 18 U.S.C. 242 encompasses an individual's right to be free from "physical assaults and coerced sexual activity"); see also United States v. Huff, 983 F.2d 1058 (4th Cir. 1993)(unpublished table decision) (discussing the sentencing guidelines for a former probation officer who pled guilty to federal charges under 18 U.S.C. § 242 for coercing one of his probationers into having sex with him in exchange for a recommendation she remain on probation and not return to jail despite a positive urinalysis).

Finally, Peterson seeks to have Count V of the Indictment dismissed, arguing the FBI did not have "jurisdiction over the subject matter of the investigation." As discussed above, the Indictment alleges a violation of the victims' rights preserved under the United States Constitution. The FBI is authorized to investigate such alleged violations. Count V "fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal to bar a subsequent prosecution." Fleming, 8 F.3d at 1265. Accordingly, Count V should not be dismissed.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, Senior United States District Judge, pursuant to [28 U.S.C. § 636(b)](#), that the motion to dismiss filed by the defendant ([Filing No. 15](#)) be denied in its entirety.

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED that the jury trial of this case is set to commence before Richard G. Kopf, Senior United States District Judge, in Courtroom 1, United States Courthouse, Lincoln, Nebraska, at 9:00 a.m. on January 4, 2016, or as soon thereafter as the case may be called, for a duration of four (4) trial days. Jury selection will be held at the commencement of trial.

November 23, 2015.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.