IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 4:15CR3076 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE** |
| | ) | **FINDINGS** |
| THOMAS PETERSON, | ) | |
| | ) | |
| Defendant. | ) | |

I am in receipt of the revised presentence investigation report and addendum in this case.  There are objections and motions filed by both parties.


IT IS ORDERED that:


(1)    The undersigned will consult and follow or deviate from the Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220(2005) and subsequent cases.    In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines such weight as they deserve within the context of each individual case and will filter the Guidelines general advice through §3553(a)'s list of factors; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason for doing so.  I no longer give the Guidelines "substantial weight."


(2)    With respect to the pending objections and motions, I tentatively find and conclude as follows:

A.   Filing no. 77, the Defendant's Motion for Downward Departure/Variance, is denied.  A prison sentence of nine years is not greater than necessary.  If this case is outside the "heartland," it is because the conduct of the Defendant was both extraordinarily predatory and egregious.   Incarceration is necessary as a specific deterrent, incarceration is necessary to protect the public against further crimes of the Defendant and, most particularly, incarceration is necessary to serve as a general deterrent to other probation officers who supervise especially vulnerable offenders.

B.   Filing no. 78, the Defendant's Objection to Presentence Investigation Report, is denied *except* to the extent that the Government's objections to the Presentence Report favor the Defendant and are sustained in the following paragraph.

C.   Filing no. 80, the Government's Objection to Presentence Investigation Report, is sustained and granted to the extent provided herein and is otherwise denied.  That is:

18 U.S.C. § 2244 (abusive sexual contact) is the most analogous underlying offense applicable to the civil rights violations (18 U.S.C. § 242, U.S.S.G. § 2H.1 & comment 1) and such a determination invokes a different guideline than was used in the presentence report.  Violations of 18 U.S.C. § 2244 are related to U.S.S.G. § 2A3.4., U.S.S.G., Appendix A, at p. 559.  The use of a different base offense level results in different calculations than were used in the presentence report.  Specifically, the following analysis supports the government's objections to paragraphs 90, 95, 96, 101, 102, 107, 113, 114, 115, 116, 117, 120 and 147.

Base offense level, U.S.S.G. § 2H1.1 & U.S.S.G. § 2A3.4(a)(3) **12**
Victim was in the supervisory control of the defendant,

| | | |
|---|---|---|
| U.S.S.G. § 2A3.4(b)(3)[1] | | **2** |
| Defendant was a public official, U.S.S.G. § 2H1.1(b)(1)(A) | | 6 |
| Obstruction of Justice, U.S.S.G. § 3C1.1 | | <u>2</u> |
| Adjusted Offense level | | **22** |
| Multiple count analysis, U.S.S.G. § 3D1.4 | | |
| Group 1 (Count 1) | 1 | |
| Groups 2-4 (Counts 2-4) | <u>3</u> | |
| | 4 | <u>4</u> |

Total Offense Level:                                                    **26**

The defendant is not entitled to a reduction for acceptance of responsibility.  He was not simply challenging the applicability of the statute to his conduct.  Through his counsel, or personally to the FBI agents, he disputed many of the events testified to by the victims and specifically denied any sexual activity with victims NT and DK.  Further, he misrepresented the nature of the conduct he had engaged in with AK and KT.

*In summary, the Total Offense level is 26 and, with a Criminal History Category of I, the Guideline range for imprisonment is 63-78 months. The supervised release range is one year for each of the four civil rights misdemeanor violations and up to 3 years on the count pertaining to lying to the FBI.*

D.    Filing no. 81, the Government's Motion for Upward Departure/Variance, is tentatively granted for the reasons set forth in the Government's excellent brief (filing no. 82 at CM/ECF pp. 17-23).   As the Government requests, a nine year prison sentence is warranted.

E.    On my own motion, I am tentatively inclined to upwardly vary and impose a sentence of nine years in prison and five years of supervised release.  In

---

[1]This enhancement is intended to have "broad application and is to be applied whenever the victim is entrusted to the defendant, whether temporarily or permanently."  *Id*. at Application Note 4.

addition to the reasons set forth in the Government's brief, the conduct of the Defendant was coldly calculated to take advantage of especially vulnerable women who needed intense supervision to deal with their wholly dysfunctional lives. These lives included, among other things, severe addiction, mental instability and utter passivity insofar as far as predatory males were concerned. They were easy pickings and the Defendant preyed upon women like these year after year. In short, the judicial conscience is shocked[2] by the Defendant's behavior.[3]

(3)    Except to the extent (if at all) that I have sustained an objection or granted a motion or reserved an issue for later resolution in the preceding paragraph, the parties are herewith notified that my tentative findings are that the presentence report is correct in all respects.

(4)    Any objection to these Tentative Findings may be asserted orally at sentencing.

(5)    My chambers shall provide Chris Niles, Senior U.S. Probation and Pretrial Services Officer, with a copy of these Tentative Findings. I thank him for his good and thorough work. He need not prepare a new PSR. However, his sentencing recommendation should be based upon these tentative findings.

October 13, 2016.

BY THE COURT:

*s/ Richard G. Kopf*
Senior United States District Judge

---

[2]By the way, even if I sustained the Defendant's objection to the Guideline calculations, I would vary upward to the same sentence proposed above.

[3]The failure of the State of Nebraska to act sooner to protect these women from the Defendant is a stain on Nebraska's reputation that will not soon fade.